This case is before the court on defendant’s unopposed motion for summary judgment. Plaintiff, National Economic Management Association (NEMA), was awarded Contract No. 5-36675 in October 1974 by the Department of Commerce on behalf of the Office of Minority Business Enterprise. The contract required plaintiff to act as a local minority business development organization in Los An-geles, San Diego, Sacramento, and San Jose, California, from September 1, 1974, through April 30, 1976. Contract No. 5-36675 was a cost, no-fee contract whose price could not exceed $985,000. Contract No. 5-36675 was a follow-on contract to Contract No. 2-35563.
The Office of Audits of the Department of Commerce conducted three audits of costs under Contract No. 5-36675. *746 In Interim Audit Report No. WE-286-303-76-021, the Office of Audits found only $261,638 of the $299,517 in costs incurred for the period of September 1, 1974, through April 30, 1975, represented costs which were allowable under the terms of the contract.
On March 31, 1976, NEMA submitted to the contracting officer Advanced Payment Request No. 17 requesting payment of $75,430 for costs to be incurred between March 31.1976, and April 30,1976. This request was not approved by the contracting officer.
In Interim Audit Report No. WE-342-303-76-174, dated April 2, 1976, covering the period from September 1, 1974, through February 29, 1976, the Office of Audits found only $664,240 of the $750,565 in costs incurred for that period was allowable under the contract. The results of this audit were communicated to NEMA in a letter from the contracting officer, dated April 12, 1976. Although NEMA requested reconsideration of this second interim audit, the only documents and data submitted to support the request were the materials which had previously been considered during the original audit of that period. The Office of Audits denied the reconsideration request in June 1976. Contemporaneous with the pendency of NEMA’s request for reconsideration, NEMA was suspended prospectively from all contracting activities within the Department of Commerce. NEMA initially requested a hearing on the suspension but thereafter withdrew the request.
In the final audit of the costs incurred under Contract No. 5-36675, Audit Report No. WE-379-303-77-015, the Office of Audits found only $748,094 of the $846,499 in costs incurred for the period September 1, 1974, through April 30.1976, represented allowable costs under the terms of the contract. After the final audit report was issued, the Government and NEMA attempted to settle some of the outstanding cost issues. These efforts were unsuccessful.
The contracting officer issued his final decision letter on October 25, 1977. Copies of these letters were sent to NEMA, NEMA’s attorneys (Sanders & Tisdale) and Mr. Clarke E. Parker, Chairman of NEMA’s Board of Directors. In this letter, the contracting officer found in pertinent part:
*747 * * * * *
As a result of the referenced audit reports, and findings from subsequent reports and communications with the NEMA Associates, monies due the Government respectively to each contract are as follows:
Contract No. 2-35563
References 1, 3, 5, and 6. The amount due the Government is $117,716.00. Please see attached Completion Voucher.
Contract No. 5-36675
References 2, 4, 5, and 7. As supported by and recorded in NEMA’s book of accounts, the amount due the Government is $93,786.00. Please see attached completion voucher.
As summary, the aggregate in monies due the Government is $211,502.00.
It is the final decision of the Contracting Officer that National Economic Management Association (NEMA) owes the United States Government $211,502.00 as disallowed costs on the subject contracts. This decision is made in accordance with the Disputes Clause of the contract and shall be final and conclusive as provided therein unless within 30 days from the date of receipt hereof, the contractor mails or otherwise furnishes the Contracting Officer a written notice of appeal (in triplicate) addressed to the Secretary of Commerce. * * *
The return receipt attached to the final decision letter sent to NEMA was returned unclaimed on December 7, 1977. As evidenced by the receipt for certified mail, Mr. Clarke E. Parker, Chairman of NEMA’s Board of Directors, received the final decision letter of the contracting officer on October 31, 1977. As evidenced by the receipt for certified mail, a copy of the contracting officer’s final decision was received by NEMA’s attorneys on November 28, 1977.
As the contracting officer’s final decision letter indicates, the contract contained a disputes clause which makes the decision of the contracting officer conclusive unless appealed administratively within 30 days. NEMA has never sought this administrative action, and the time for seeking such an appeal has long since expired, whether measured from the date the letter was received by NEMA’s attorneys *748 or from the date the letter was received by the Chairman of NEMA’s Board of Directors.[1] It is well settled that a Government contractor cannot bring a petition in this court until required administrative remedies[2] are exhausted. In Crown Coat Front Co. v. United States, 386 U. S. 503, 512 (1967), the Supreme Court wrote:
It is now crystal clear that the contractor must seek the relief provided for under the contract or be barred from any relief in the courts. In United States v. Holpuch Co., 328 U. S. 234, the question was whether a contractor’s failure to exhaust the administrative appeal provisions of a government construction contract bars him from bringing suit in the Court of Claims to recover damages. The Court held that it did. According to the Court, the disputes clause
"is a clear, unambiguous provision applicable at all times and binding on all parties to the contract. No court is justified in disregarding its letter or spirit. * * * It creates a mechanism whereby adjustments may be made and errors corrected on an administrative level, thereby permitting the Government to mitigate or avoid large damage claims that might otherwise be created. United States v. Blair, 321 U. S. 730, 735. This mechanism, moreover, is exclusive in nature. Solely through its operation may claims be made and adjudicated as to matters arising under the contract. * * * And in the absence of some clear evidence that the appeal procedure is inadequate or unavailable, that procedure must be pursued and exhausted before a contractor can be heard to complain in a court.” 328 U. S. 234, 239-240.
See also United States v. Blair, 321 U. S. 730, and United States v. Callahan Walker Co., 317 U. S. 56, 61, where the disputes clause procedures are described as the "only avenue for relief.”
It follows, of course, that this petition must be dismissed.
it is therefore ordered that defendant’s summary judgment motion is hereby allowed. Plaintiffs petition is hereby dismissed.

 On these facts, either event constitutes adequate notice to NEMA of the final decision.

 As to the administrative procedures generally applicable to such appeals, see 15 C.F.R.§§ 3.1-3.34 (1977).